1  MICHELLE B. HEVERLY, Bar No. 178660
   ERICA H. KELLEY, Bar No. 221702
2  LITTLER MENDELSON
   A Professional Corporation
3  50 W. San Fernando, 15th Floor
   San Jose, CA  95113.2303
4  Telephone:     408.998.4150

5  Attorneys for Defendant
   PATTERSON DENTAL SUPPLY, INC.
6
   GALEN T. SHIMODA, Bar No. 226752
7  VICTORIA M. CIGANDA, Bar No. 215719
   SHIMODA LAW CORP.
8  9563 Laguna Springs Drive, Suite 200
   Elk Grove, California 95758
9  Telephone : (916) 525-0716
   Facsimile: (916) 525-9456
10
   Attorneys for Plaintiff
11 JAYNIE ULM

12                    UNITED STATES DISTRICT COURT

13                   EASTERN DISTRICT OF CALIFORNIA

14                      SACRAMENTO DIVISION

15 JAYNIE ULM,                          Case No.  2:09-cv-00138-LKK-KJM

16            Plaintiff,                 **STIPULATED PROTECTIVE ORDER
                                         AND ORDER**
17      v.

18 PATTERSON DENTAL SUPPLY, INC., a
   California Corporation, and DOES 1    **(ORDER APPROVED WITH
19 through 100, Inclusive,               ANNOTATIONS, SHOWN BELOW IN
                                         STRIKEOUT/UNDERLINE FORMAT)**
20            Defendants.

21

22       Plaintiff Jaynie Ulm ("Plaintiff") and Defendant Patterson Dental Supply, Inc.

23 ("Defendant") hereby stipulate and agree as follows:

24       (1)    It is understood and agreed between the parties that certain information that

25 may be of a confidential nature and which may also be privileged from disclosure has been or may

26 be requested through discovery or otherwise already provided in anticipation of litigation.  In order

27 to facilitate discovery and provide reasonable access to counsel of otherwise relevant information of

28 a confidential nature, while providing protection to the party disclosing such information, the parties

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA  95113.2303
408.998.4150

(NO.  2:09CV00138)                          **STIPULATED PROTECTIVE ORDER AND ORDER
                                            THEREON**

1  have agreed to enter into a Stipulated Protective Order ("Stipulated Order") limiting the disclosure of

2  such information consistent with the terms set forth herein.

3          (2)      Documents Within Scope of Stipulated Order ("Designated Records"):

4                   (a)      Any and all documents relating to personnel files, personal

5  information, or medical information of Plaintiff and Defendant's current or former employees.

6                   (b)      Any and all documents or responses to discovery which that party or

7  non-party considers in good faith to contain information involving trade secrets, or confidential

8  business or financial information, information protected by an individual's right to privacy, or under

9  provisions of applicable law.

10         (3)      Scope of Stipulated Order:   The parties agree that by entering into this

11 Stipulated Order any party disclosing documents pursuant to this Stipulated Order hereby waives

12 his/her/its privacy objections only with respect to the designated records solely for the purpose of the

13 instant litigation.   Nothing in this Stipulated Order  nor the production of any information or

14 document under the terms of this Stipulated Order shall be interpreted as a waiver of any evidentiary

15 objections a party may have to the introduction of confidential material into evidence at trial or

16 deemed to waive the evidentiary requirements under the Federal Rules of Evidence.

17         (4)      Designation of Material as Confidential:   Any documents subject to this

18 Stipulated Order shall be designated as CONFIDENTIAL by stamping or otherwise marking the

19 word "confidential" upon them.

20                  (a)      Where a document or response consists of more than one page, the

21 first page and each page on which confidential information appears shall be so designated.

22                  (b)      A party may designate as CONFIDENTIAL documents or discovery

23 materials produced by a non-party by providing written notice to all parties of the relevant document

24 numbers or other identification within thirty (30) days after receiving such documents or discovery

25 materials.

26                  (c)      Blanket designation of documents or information as CONFIDENTIAL

27 en masse and/or without regard to the specific content of each document or piece of information is

28 prohibited.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA  95113.2303
408.998.4150

(NO. 2:09CV00138)                                              2.                    STIPULATED PROTECTIVE ORDER AND ORDER
                                                                                                     THEREON

1    (d)    A party or non-party may designate information protected under this

2    Stipulated Order which is disclosed during a deposition or in response to written discovery as

3    CONFIDENTIAL by so indicating in said responses or on the record at the deposition and

4    requesting the preparation of a separate transcript (or that the document(s) be included in a separate

5    exhibit attachment).  In addition, a party or non-party may designate in writing, within fifteen (15)

6    days after receipt of said responses or of the deposition transcript for which the designation is

7    proposed, that specific pages of the transcript and/or specific responses be treated as

8    CONFIDENTIAL.  Any other party may object to such proposal, either in writing or on the record.

9    Upon such objection, the parties shall follow the procedures described in paragraph (5), below.  The

10   parties shall treat all deposition and other pretrial and trial testimony as CONFIDENTIAL until the

11   expiration of fifteen (15) days after the mailing to counsel of the transcript of the deposition.  If any

12   document or information designated as CONFIDENTIAL is used during the course of a deposition,

13   that portion of the deposition record reflecting such CONFIDENTIAL information shall be

14   separately transcribed and stamped as CONFIDENTIAL.

15   (e)    If a party determines that certain documents or testimony should have

16   been designated as CONFIDENTIAL but were not so designated by the producing party may notify

17   opposing counsel in writing.  Such material shall then be treated as CONFIDENTIAL, subject to the

18   parties' rights as previously set forth.

19   (5)    Dissemination of Designated Material:    Material designated as

20   CONFIDENTIAL shall be used only for the purpose of this case and may be disseminated only to:

21   (1) representatives of the Plaintiff; (2) representatives of the Defendant; (3) to mediators or similar

22   persons designated as such for purposes of settlement discussions, and (4) to the extent necessary to

23   third party witnesses whose testimony bears a relation to the designated records including, but not

24   limited to, experts, consultants, and percipient medical witnesses such as doctors, nurses and nurses

25   aides who may be called to testify at a deposition, hearing or trial in this matter.

26   (a)    In no event will any third party witnesses be permitted to retain any

27   copies of documents designated as CONFIDENTIAL and any dissemination to such witnesses shall

28   be limited to use during deposition, settlement conference, hearing or trial in this matter.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA  95113.2303
408.998.4150

(NO.  2:09CV00138)                                    3.                STIPULATED PROTECTIVE ORDER AND ORDER
                                                                                          THEREON

(b)     Any third party witnesses whose testimony bears a relation to the designated records including, but not limited to, experts, consultants, and percipient medical witnesses such as doctors, nurses and nurses aides who may be called to testify at a deposition, hearing or trial in this matter, to whom information or documents designated as CONFIDENTIAL must be disclosed shall first confirm their understanding and agreement to abide by the terms of this Stipulated Order by completing and signing a copy of the Acknowledgement of Protective Order in the form attached hereto as Exhibit A.

(c)     If any party is subpoenaed in another action, served with a demand in another action to which it is a party, or served with any other legal process by one not a party to this action, or otherwise becomes subject to any legal obligation, seeking disclosure of information or material which was produced or designated as CONFIDENTIAL, the responding party shall give prompt actual written notice, by hand or facsimile transmission, within ten (10) days of receipt of such subpoena, demand or legal process or notice of such legal obligation, to those who produced or designated the information or material as CONFIDENTIAL, and shall object to its production to the extent permitted by law, and respond by setting forth the existence of this Protective Order.  Nothing herein shall be construed as requiring the party to challenge or appeal any order requiring production of information or material covered by this Stipulated Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

(d)     Any person may be examined as a witness during a deposition concerning any information or material designated as CONFIDENTIAL which that person has received or authored.  During examination, any such witness may be shown information or material designated as CONFIDENTIAL which appears on its face or from other documents or testimony to have been received or authored by that witness, or communicated to that witness, or otherwise appears on its face to contain information about which it appears reasonably likely that the witness has discoverable information, provided that the examining party makes a reasonable effort to obtain the witness' compliance with paragraph (5)(b).

(6)     Disputes Over Designation of Documents or Information As CONFIDENTIAL:  If a party contends that any material is not entitled to confidential treatment,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

(NO. 2:09CV00138)                    4.                    STIPULATED PROTECTIVE ORDER AND ORDER
                                                                               THEREON

such party may at any time give written notice to the party or non-party who designated the material. The party or non-party who designated the material shall have twenty-five (25) days from the receipt of such written notice to apply to the Court for an order designating the material as CONFIDENTIAL.  Any party or non-party moving to compel production or for protection of documents designated by any party as confidential shall have the burden of establishing that they are entitled to the relief requested.

(a)   Notwithstanding any challenge to the designation of material as CONFIDENTIAL, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

i.   the party or non-party who claims that the material is CONFIDENTIAL withdraws such designation in writing or on the record at a deposition or in court; or

ii.   the party or non-party who claims that the material is CONFIDENTIAL fails to apply to the Court for an order designating the material as CONFIDENTIAL within the time period specified above after receipt of a written challenge to such designation; or

iii.   the Court rules the material is not CONFIDENTIAL.

(7)   <u>Use of Confidential Materials At Trial</u>:  Prior to commencement of trial, the Parties shall establish procedures for the use of the confidential materials at trial<u>, subject to the Court's approval</u>.  Nothing in this Stipulated Order shall constitute a waiver by any party of its rights with respect to use of the material protected herein for any purpose at hearing or trial of this action pursuant to the governing rules of evidence and substantive law, or as otherwise ruled upon by the Court.

(8)   <u>Return of Confidential Materials</u>:  Within sixty (60) days after termination of the action by settlement, dismissal, or final judgment, each party shall destroy or return to the other party all items which have been obtained and designated as CONFIDENTIAL.  In the event any party destroys said items, that party shall provide written notice to the other party of said destruction within ten (10) days of the destruction.

LITTLER MENDELSON
A Professional Corporation
50 W. San Fernando, 15th Floor
San Jose, CA  95113.2303
408.998.4150

(NO. 2:09CV00138)                              5.                    STIPULATED PROTECTIVE ORDER AND ORDER THEREON

1         (9)   <u>Modification and Survival</u>:  This Stipulated Order may be modified or

2 terminated only upon written stipulation of all parties or by the Court.  Unless terminated in this

3 manner, this Stipulated Order shall remain in effect following the conclusion of this matter.

4         (10)  <u>Survival of Rights</u>: Nothing herein shall be deemed to waive any applicable

5 privilege or work product protection, or to affect the ability of a party to seek relief for an

6 inadvertent disclosure of material protected by any privilege or work product protection.  Any

7 witness or other person, firm or entity from which discovery is sought may be informed of any may

8 obtain the protection of this Stipulated Order by notice to the respective counsel at the time of any

9 deposition or similar proceeding or production of material.

10         (a)   This Stipulated Order has no effect upon, and shall not apply to, a

11 party's use or disclosure of its own confidential information for any purpose.  Neither this Stipulated

12 Order, nor any disclosure permitted pursuant to this Stipulated Order, shall be used to relieve either

13 party of liability for a disclosure of confidential or trade secret information that was disclosed prior

14 to the execution of this Stipulated Order by all parties hereto.

15         (11)  <u>Binding Effect of Stipulated Order</u>:

16         (a)   All counsel for the parties who have access to information or material

17 designated as CONFIDENTIAL under this Stipulated Order acknowledge that they are bound by this

18 Stipulated Order and submit to the jurisdiction of the Court for purposes of enforcing this Stipulated

19 Order.

20         (b)   The parties agree to be bound by the terms of this Protective Order

21 pending its entry by the Court, or pending the entry of an alternative thereto

22 which is satisfactory to all parties, and any violation of its terms shall be

23 subject to the same sanctions and penalties as if the Stipulated Order had been

24 entered by the Court.

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA  95113.2303
408.998.4150

(NO.  2:09CV00138)                 6.           **STIPULATED PROTECTIVE ORDER AND ORDER THEREON**

1   Dated: July 15, 2009

2

3                                          /s/   Erica H. Kelley
                                         _____
4                                        ERICA H. KELLEY
                                         LITTLER MENDELSON
5                                        A Professional Corporation
                                         Attorneys for Defendant
6                                        PATTERSON DENTAL SUPPLY, INC.

    Dated: July 14, 2009
7

8                                          /s/ Victoria M. Ciganda
                                         _____
9                                        (as authorized on July 14, 2009.)
                                         VICTORIA M. CIGANDA
10                                       SHIMODA LAW CORP.
                                         Attorneys for Plaintiff JAYNIE ULM
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA  95113.2303
408.998.4150

(NO.  2:09CV00138)                              7.              STIPULATED PROTECTIVE ORDER AND ORDER
                                                                                        THEREON

**<u>EXHIBIT A</u>**

**ACKNOWLEDGEMENT OF PROTECTIVE ORDER**

*Jaynie Ulm v. Patterson Dental, Inc.*

*United States District Court, Eastern District of California*

*Case No.: 2:09-cv-00138-LKK-KJM*

I, _____declare:

1.      My address is _____.

My present occupation is _____.

2.      I have received a copy of the Stipulated Protective Order ("Stipulated Order") in the action entitled *Jaynie Ulm v. Patterson Dental Supply, Inc., United States District Court, Eastern District of California, Case No.*: 2:09-cv-00138-LKK-KJM.  I have carefully read and understand the provisions of the Stipulated Order.

3.      I agree to be bound by the Order.  I will not reveal CONFIDENTIAL information or documents, except as allowed by the Order.  I will maintain all CONFIDENTIAL information or documents – including copies, notes, compilations, summaries, or other transcriptions made therefrom – in a secure manner to prevent unauthorized access to it.  No later than thirty (30) days after the conclusion of this action, I will return all CONFIDENTIAL information and documents – including copies, notes, compilations, summaries, or other transcriptions made therefrom – to the counsel who provided me with the CONFIDENTIAL information or documents.  I hereby consent to the jurisdiction of the United States District Court, Eastern District of California, for the purpose of enforcing the Stipulated Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  This Acknowledgement was signed at _____, California.

Dated: _____          _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

(NO. 2:09CV00138)          8.          STIPULATED PROTECTIVE ORDER AND ORDER
THEREON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| JAYNIE ULM,<br><br>          Plaintiff,<br><br>      v.<br><br>PATTERSON DENTAL SUPPLY, INC., a<br>California Corporation, and DOES 1<br>through 100, Inclusive,<br><br>         Defendants. | Case No.  2:09-cv-00138-LKK-KJM<br><br>**ORDER** |

**<u>ORDER</u>**

Good cause appearing, the Court hereby approves this Order in its entirety, as modified in paragraphs 7 and 9.  The Parties in this matter shall be bound by the terms of this Protective Order.

IT IS SO ORDERED.

Dated:  July 24, 2009.

_____
U.S. MAGISTRATE JUDGE